

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 4, 2015

Timothy Watkins, Esq.
51 Sleeper Street, #5
Boston, MA 02210

    Re:    United States v. Shane Gunn
              Criminal No. 15-MJ-06087-MPK

Dear Mr. Watkins:

       The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Shane Gunn ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

       At the earliest practicable date, Defendant shall waive indictment and plead guilty to an Information substantially in the form attached to this Plea Agreement charging him with wire fraud in violation of 18 U.S.C. § 1343. Defendant expressly and unequivocally admits that he committed the crime charged in the Information, did so knowingly and willfully, and is in fact guilty of that offense.

       Defendant agrees to the accuracy of the facts contained in paragraphs 8-34 of the complaint affidavit in this case, except so much of paragraphs 8, 20 and 21 as allege that he improperly converted money intended to establish CareXGen to his own use in 2010 and 2011.

    2.    <u>Penalties</u>

       Defendant faces the following maximum penalty on the charge contained in the Information: incarceration for twenty years; supervised release for five years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The U.S. Attorney will take the position that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG § 2B1.1(a)(1), Defendant's base offense level is 7;

- in accordance with USSG § 2B1.1(b)(1)(I), Defendant's offense level is increased by 16 levels, because the loss was more than $1,500,000;

- in accordance with USSG § 2B1.1(b)(2), Defendant's offense level is increased by 2 levels, because the offense involved 10 or more victims; and

- in accordance with USSG § 3B1.3, Defendant's offense level is increased by 2 levels, because the offense involved an abuse of position of private trust.

The U.S. Attorney will oppose any argument for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

(b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) 36 months of supervised release;

(d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

    (e)    restitution as determined by the Court at the time of sentencing; and

    (f)    forfeiture as set forth in Paragraph 9.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 14 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 4000;

    (b)    Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $ 4000 per month; and

    (c)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing is satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6.    <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to

        supervised release, fines, forfeiture, and restitution) should be set aside or reduced.

(b)   Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

c)   Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 51 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

(d)   The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 41 months or more.

(e)   Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

7. **Other Post-Sentence Events**

(a)   If, despite the waiver provision of sub-paragraphs 6(c) and (d), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraphs 6(c) and (d)).

(b)   If, despite the waiver provision of sub-paragraphs 6(c) and (d), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c)   In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8. **Court Not Bound by Plea Agreement**

The parties' sentencing recommendations and their respective calculations under the

USSG are not binding upon the U.S. Probation Office or the Court. Within maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds traceable to the Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing within the jurisdiction of the United States any assets located outside of the United States, and taking all steps necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. In addition, if the U.S. Attorney requests, Defendant shall give the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from February 2010 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

8. Who Is Bound By Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

9. <u>Complete Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Stephen Heymann.

                                  Very truly yours,

                                  CARMEN M. ORTIZ
                                United States Attorney

By: _____
        SARAH E. WALTERS
        Chief, Economic Crimes Unit
        STEPHEN E. FRANK
        Deputy Chief, Economic Crimes Unit

        _____
        STEPHEN P. HEYMANN
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

*[signature]*
Shane Gunn
Defendant

Date: 10/20/15

I certify that Shane Gunn has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

**Timothy G. Watkins**
Digitally signed by Timothy G. Watkins
DN: cn=Timothy G. Watkins, o=Federal Defender Office, District of Massachusetts, ou=Assistant Federal Public Defender, email=Timothy_Watkins@fd.org, c=US
Date: 2015.10.22 07:43:26 -04'00'

Timothy Watkins
Attorney for Defendant

Date: October 22, 2015

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America | ) |
| | ) Criminal No. |
| | ) Violation: |
| v. | ) 18 U.S.C. § 1343 |
| | ) (Wire Fraud) |
| Shane Gunn, | ) |
| Defendant | ) 18 U.S.C. § 981(a)(1)(C) & |
| | ) 28 U.S.C. § 2461(c) |
| | ) (Criminal Forfeiture) |
| | ) |

Information

The U. S. Attorney Charges that:

1. At all material times, SHANE GUNN ("GUNN") was an information technology expert and specialist. During 2009, he did contract technical work for a medical association.

2. In late 2009 or early 2010, GUNN proposed that he expand on the work he had done for the medical association and create and market a software system which would enable computer systems at diverse medical practices to communicate effectively with each other about patients they had in common.

3. In early 2010, GUNN incorporated CareXGen. He received 260,000 of CareXGen's 1,000,000 authorized shares of stock in return for engineering the health information exchange system and all technology and intellectual property, including patent and copyright rights, in it. He also was made the company's first president and treasurer, giving him control over CareXgen's bank accounts.

## The Scheme to Defraud

4.      Beginning in at least April, 2010, and continuing through in or about July, 2013, GUNN engaged in a scheme to defraud investors in CareXGen by, among other things, fraudulently representing that CareXGen was actively and successfully developing and marketing a health information exchange system when, in fact, GUNN was putting the majority of investors' funds to his own personal uses. GUNN further falsely represented to investors and potential investors that CareXGen had and was actively negotiating agreements worth many millions of dollars in order to maintain investor confidence and lure stock purchases.

## Manner and Means

5.      GUNN began to actively sell shares in CareXGen in April, 2010. He fraudulently led investors to believe that their investments in the company during this period would be used to get the information exchange system to production, such as by paying for necessary computer equipment, developers' salaries and patent expenses. He also misrepresented that CareXGen had large contracts lined up and was well on its way to being profitable.

6.      In fact, CareXGen did not have any major contracts, and GUNN spent approximately $940,000 of investors' initial $1,672,000, on himself, his wife and his former girlfriend.

7.      In May, 2012, GUNN began to tell potential investors falsely that Intel was negotiating to obtain CareXgen's medical information exchange patent rights. He falselyrepresented that the deal was going to be worth hundreds of millions of dollars to CareXGen.

8.  GUNN falsely told potential investors that he had more equity than he needed and offered to sell some of his own stock to them in order to get money he needed to pay lawyers' fees and other expenses necessary to see the deal through.

9.  As GUNN well knew, Intel never expressed any interest in, and never negotiated for, patent or copyrights purportedly owned by CareXGen.

10. Between approximately May, 2012, when GUNN first fraudulently described the windfall CareXGen stockholders would receive from Intel, and a year later, when he admitted to investors that it was a fabrication, GUNN sold approximately 110,000 shares of CareXGen stock to victim investors, for a total of approximately $1.1 million. Victim 1, a doctor affiliated with the medical association, purchased some of GUNN's shares based on the fraudulent representation that a deal with Intel was imminent.

Count One
Wire Fraud
18 U.S.C. § 1343 and 2

11. The U.S. Attorney re-alleges paragraphs 1-10 herein and incorporates them by reference.

12. On or about June 11, 2012, in the District of Massachusetts and elsewhere, the defendant,

SHANE GUNN,

having knowingly devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by wire communication in interstate commerce writings, signs and signals, for the purpose of executing the scheme, to wit: an e-mail to Victim 1 representing that a deal between CareXGen and Intel was imminent.

All in violation of 18 U.S.C. § 1343 and 2.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

The U.S. Attorney further charges that:

13. Upon conviction of one or more of the offenses charged in Count One of the Indictment,

SHANE GUNN,

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from, proceeds traceable to the commission of the offenses.

14. If any of the property described in paragraph 13 above, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property in paragraph 1 above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Date:  October __, 2015

                                              CARMEN M. ORTIZ
                                              United States Attorney

                              By:  _____
                                              STEPHEN P. HEYMANN
                                              Assistant U.S. Attorney