UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SHANE GUNN, )<br>              Defendant )  | CRIMINAL NO. 15-cr-10322-PBS |

**Motion for Amendment of Judgment**
**And Entry of Order of Restitution**

The United States moves that the Judgment in this case be amended and restitution ordered to the individuals in the amounts set forth in the accompanying Restitution List, being provided under separate cover. As grounds therefore, the government submits that the evidence admitted at the sentencing hearing in this case, taken with the statements of victims heard then and submitted contemporaneously hereto, establishes by a preponderance of the evidence that the listed individuals were victims of the charged crime and are entitled to restitution in the indicated amounts.[1]

---

[1] In significant part, the facts on which the Court appropriately should rely in awarding restitution are contained in victim impact statements. The Court is not constrained by the Federal Rules of Evidence in sentencing proceedings. F.R.E. 1101 (d)(3). Further, the Sixth Amendment's Confrontation Clause does not give a defendant the right to cross-examine witnesses at sentencing. *See, e.g., U.S. v. Powell*, 650 F. 3d 388, 393 (4th Cir. 2011) (Confrontation Clause does not apply to sentencing proceedings); *U.S. v. Fields*, 483 F. 3d 313, 331-38 (Fifth Cir. 2007) (Confrontation Clause not violated by admission of hearsay at capital sentencing proceeding); *U.S. v. Paull*, 551 F.3d 516, 527 (6th Cir. 2009) (Confrontation Clause not violated by admission of hearsay during sentencing proceeding).

*[Handwritten in left margin: "5/6/16 allowed / Patti B Saris"]*